1  DARIN W. SNYDER (S.B. #136003)
     dsnyder@omm.com
2  LUANN L. SIMMONS (S.B. #203526)
     lsimmons@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, CA 94111-3823
   Telephone:    (415) 984-8700
5  Facsimile:    (415) 984-8701

6  Attorneys for Plaintiff
   Artifex Software, Inc.

**E-filing**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIFEX SOFTWARE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PALM INC., a Delaware corporation,<br><br>Defendant. | CV Case No. 09 5679<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Artifex Software, Inc. ("Artifex"), for its Complaint against Defendant Palm, Inc. ("Palm"), alleges and avers as follows:

## INTRODUCTION

1. Palm must be held accountable for its willful, deliberate and continued infringement of Artifex's copyrighted software MuPDF. In June 2009, after years of development, Palm released its Pre smartphone—Palm's attempt to answer Apple's enormously successful iPhone and make itself relevant in the smartphone business. Palm's Chief Executive Officer at the time touted the Pre and its operating system as "a complete reinvigoration of the company," giving him confidence Palm could "re-establish [itself] as a leading innovator in the growing smartphone market." Unfortunately, Palm—an enormous company with vast resources—wrongfully and surreptitiously relied on the labor and painstaking dedication of Artifex to build its product.

2. Artifex—a small software developer—is a victim of Palm's corporate policy to cut corners and misappropriate that which others worked long and hard to build. Months before Palm released the Pre, Palm contacted Artifex, inquiring about a commercial license for MuPDF—software that would allow the Pre to open PDF documents, an important step beyond many competing smartphones. Palm acknowledged there was "obviously value in MuPDF." However, Palm declined to license MuPDF from Artifex. Despite not having a license, Palm used, and continues to use, MuPDF in every Pre shipped by Palm, but it did so without authorization and without paying Artifex any royalty. Palm must be compelled to compensate Artifex for Palm's past infringement, and Palm should be enjoined from any further misuse of Artifex's software.

## NATURE OF THE CASE

3. This action seeks to recover damages Artifex has suffered as a result of Palm's willful infringement of Artifex's copyright in its MuPDF software. Palm unlawfully, wilfully, and for commercial advantage uses MuPDF in the Palm Pre without the consent of Artifex in violation of federal law and to Artifex's detriment.

4. Additionally, Artifex respectfully requests that the Court issue injunctive relief prohibiting Palm's continued infringement of Artifex's copyright.

## THE PARTIES

5. Plaintiff Artifex is a California corporation with a principal place of business at 7 Mt. Lassen Drive, A-134, San Rafael, California 94903.

6. Artifex is informed and believes and thereon alleges that Palm is a Delaware corporation with a principal place of business at 950 West Maude Avenue, Sunnyvale, CA 94085. Palm is doing business within the jurisdiction of this court.

## JURISDICTION AND VENUE

7. Artifex asserts claims against Palm arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* This Court has original subject matter jurisdiction over Artifex's federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a).

8. This Court has specific personal jurisdiction over Palm as it purposefully committed, within California, the acts from which these claims arise and/or committed tortious acts outside California, knowing and intending that such acts would cause injury within the state. The Court also has general personal jurisdiction over the Palm as it conducts continuous, systematic, and routine business within the state of California and within the jurisdiction of this Court.

9. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a).

## ALLEGATIONS COMMON TO ALL CLAIMS

### Artifex's Technology

10. Artifex is a closely-held, private corporation formed in 1993 and headquartered in San Rafael, California. Since its inception, Artifex has been a fervent believer and supporter of open source software. Open source software provides downstream users the freedom to use, adapt, modify, and improve software free of charge *so long as* the user then licenses its software with the same associated freedoms. This benefits both parties, as the developer can learn and adapt based on future progress and the user gets free access to and use of the software. These are core principles Artifex believes in, incorporates into its business model, and will fight to defend.

11. As a software developer, Artifex develops and licenses software products that

interpret files written in a page description language ("PDL").

12. A PDL is computer language developed to describe the contents of a printed page. A widely used example of a PDL is the Portable Document Format ("PDF") developed by Adobe Systems Incorporated ("Adobe"). PDL files generally allow documents created on one platform to display and/or print on another platform with the same appearance the documents had on the first platform. This is true regardless of whether the document consists of graphics, text, or both.

13. Artifex developed MuPDF to interpret PDF files. In particular, MuPDF can provide a smartphone—like the Palm Pre—with the ability to open PDF documents.

14. MuPDF is a widely used PDF interpreter. Artifex has earned the confidence of its customers through the demonstrated reliability of its products and highly competitive results on performance benchmarks. These results have been accomplished through extensive investment in research and development of the MuPDF product, as well as, the scrutiny of dozens of external beta testers and thousands of diverse users on the Internet. Artifex has expended substantial amounts of money on MuPDF's research and development.

15. Artifex holds a registered United States copyright covering MuPDF and associated technologies. Consistent with its history and tradition, Artifex offers MuPDF to the public, free of charge, under the GNU General Public License ("GPL") for non-commercial use. But if a licensee wishes to use MuPDF in a way that does not comply with the GPL, Artifex requires the licensee to purchase a commercial license.

16. Artifex's business is, in part, based on the revenues derived from MuPDF's commercial licensing. For those seeking to commercially distribute MuPDF, or any product that incorporates MuPDF, Artifex will grant, for a fee, a license to use, modify, copy, and/or distribute MuPDF.

**Palm's Infringing Actions**

17. Palm is a large, multi-national, public corporation with estimated revenue of approximately $1.3 billion in 2008. Palm sells products in over 25 countries across the world. Its current market capitalization is approximately $2.25 billion, and according to its 2009 10-K, it spent $571,000,000—over half a billion dollars—on research and development from fiscal year

1  2007 through fiscal year 2009.

2  18. Palm sells mobile devices consisting of both hardware and software components. It has recently attempted to enter the smartphone market. Over the past few years, the market for smartphones has expanded exponentially, with Research In Motion and Apple leading the way with their Blackberry and iPhone lines of products. Palm has lagged behind, and it is attempting to keep pace with its competitors. As Palm described in its 2009 SEC 10-K filing, "Our goal is to establish Palm as a leading global mobile device company. Our current focus is on smartphones . . . ."

19. The Pre is Palm's first smartphone. After Palm announced the Pre, its then CEO emphasized, "Despite the challenging market environment, the extraordinary response to the Palm Pre and new Palm webOS reaffirms our confidence in our long-term prospects and our ability to re-establish Palm as the leading innovator in the growing smartphone market." He acknowledged, "The Palm Pre is our first shot at a great integrated product, kind of the all-in-one, do-everything, incredible product."

20. The emphasis on the Pre continued despite a change in leadership at Palm. Palm's current CEO emphasized, "The launch of Palm webOS and Palm Pre was a major milestone in Palm's transformation; we have now officially reentered the race." Underscoring the importance of the Pre, he stated, "The Pre allows us to get back in the game."

21. The Pre was Palm's opportunity to reintroduce itself to the smartphone market; a market that was passing it by. But to stage a successful comeback, Palm needed to distinguish the Pre from its competitors, and Artifex had software that would allow Palm to do so.

22. Palm initially contacted Artifex in early July 2008, and inquired about the cost of a *commercial* license for MuPDF. As the dialogue continued into September, Artifex explained to Palm, "As of now, no PDA or cellphone has the capability of viewing PDF files. PDF files are extremely common on the internet - and this could be a <u>huge advantage for Palm</u>. MuPDF is unique in its ability to run in very small environments with very few resources. I think this would be an excellent fit." (emphasis in original).

23. At one point during the email exchange, Palm told Artifex, while "[t]here is

obviously value in MuPDF; otherwise we would not be interested," it—Palm—had "the option to address [its] needs via internal engineering, so getting a ballpark figure will shape our approach." Artifex provided Palm with the associated fees and information for a commercial license, and Palm promised to "follow up next week after further evaluation of the data."

24. But Artifex never heard from Palm and presumed that Palm decided to address its needs "via internal engineering."

25. In June 2009, Palm released the Pre—the smartphone for which Palm had inquired about the MuPDF commercial license. To Artifex's surprise, and despite Palm's representation that it could address its needs through internal development, Palm integrated MuPDF with the software on its commercially-available Pre, without Artifex's authorization and without compensating Artifex.

26. After Palm cut communications with Artifex in September 2008 and then released a product using MuPDF in June 2009, Artifex reached out to Palm to ascertain why Palm was using Artifex's software without authorization. Palm contended it was using MuPDF in accordance with the GPL and was thus authorized to use MuPDF without paying Artifex any royalty or fees.

27. But Palm's claims were lies. Palm did not comply with the GPL and used MuPDF without authorization in direct contravention of Artifex's copyright. Palm is attempting to exploit Artifex's open source policy, designed to benefit the public, for its own financial gain. Instead of paying Artifex a reasonable licensing fee, Palm wanted full commercial use of Artifex's software for free.

28. All of Palm's Pre smartphones that use MuPDF, will be collectively referred to as the "Infringing Products."

29. Palm was not granted a license to modify, copy or distribute any of Artifex's copyrighted work.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement under 17 U.S.C. § 101 *et seq.*)**

30. Artifex realleges the allegations contained in paragraphs 1 through 29 of this

1 Complaint as though fully and completely set forth herein.

2     31. Artifex is, and at all relevant times has been, the legal owner of the United States copyright covering MuPDF. Artifex has registered this copyright with the Copyright Office and possesses a valid registration. Artifex is the owner of the copyright for "MuPDF v. 20070105" (Reg. No. TX 6-989-229). A true and correct copy of the copyright registration certificate for this work is attached as Exhibit A.

    32. Upon information and belief, Palm has modified, copied, and distributed MuPDF, or a derivative thereof, in conjunction with its Infringing Products. Each such act is an infringement of the exclusive rights granted to Artifex by 17 U.S.C. § 106.

    33. Upon information and belief, Palm intends to continue modifying, copying and distributing Artifex's copyrighted work without Artifex's authorization for at least some additional period of time. Each such act will be an infringement of the exclusive rights granted to Artifex by 17 U.S.C. § 106.

    34. Upon information and belief, Palm's infringement has contributed to its profits and is adversely affecting the potential market for and value of Artifex's copyrighted work.

    35. Upon information and belief, Palm committed each act of infringement with the knowledge that the software it copied and distributed was subject to a valid United States copyright and with the knowledge that it was not authorized to copy or distribute such copyrighted work. Palm's infringement was thus "willful" within the meaning of 17 U.S.C. § 504(c)(2).

    36. For Palm's completed acts of infringement, Artifex is entitled to recover its actual damages and any profits of Palm not taken into account in computing the actual damages.

    37. Monetary relief alone is not adequate to fully address the irreparable injury that Palm's illegal actions have caused and will continue to cause Artifex if not enjoined. Artifex, therefore, is also entitled to preliminary and permanent injunctive relief to stop Palm's ongoing infringement of Artifex's copyrights pursuant to 17 U.S.C. § 502, and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.

**PRAYER FOR RELIEF**

WHEREFORE, Artifex prays for relief against Palm as follows:

1. That Palm, its agents, servants and employees and all persons acting in concert with them be restrained and enjoined preliminarily and permanently from copying, distributing, modifying, or using Artifex's copyrighted work.

2. That all copies of Artifex's work in Palm's possession, custody, or control be destroyed, or otherwise appropriately disposed of, and that all storage devices, including all computers, computer servers, all hardware and software pertaining or connected thereto, and all other devices by which Palm has copied or distributed Artifex's work, be seized from Palm and destroyed, or otherwise appropriately disposed of, pursuant to 17 U.S.C. § 503.

3. That Palm be required to account for all gains, profits and advantages derived from its acts of infringement and for its other violations of law.

4. That Palm be required to pay to Artifex the actual damages suffered by Artifex as a result of the infringement and any profits of Palm attributable to the infringement of Artifex's exclusive rights under copyright and to pay such damages to Artifex as this Court shall deem to be just and proper within the provisions of the Copyright Act.

5. That Artifex has such other and further relief as the Court deems just and proper.

Dated: December 2, 2009

DARIN W. SNYDER
O'MELVENY & MYERS LLP

By: /s/ Darin W. Snyder
Darin W. Snyder
Attorneys for Plaintiff
Artifex Software, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  December 2, 2009

DARIN W. SNYDER
O'MELVENY & MYERS LLP

By _____
Darin W. Snyder
Attorneys for Plaintiff
Artifex Software, Inc.