DURIE TANGRI LLP
RAGESH K. TANGRI—#159477
  rtangri@durietangri.com
JOSEPH C. GRATZ—#240676
  jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    (415) 362-6666
Facsimile:    (415) 236-6300

Attorneys for Defendant
PALM INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTIFEX SOFTWARE INC., a California corporation,<br><br>　　　　Plaintiff<br><br>vs.<br><br>PALM INC., a Delaware corporation,<br><br>　　　　　　　　　　　Defendant. | Case No. 5:09-cv-05679-JF<br><br>**ANSWER**<br><br><br><br>Judge:   Honorable Jeremy Fogel<br>Ctrm:    3, 5th Floor<br><br>Trial Date:  None set |

**DEFENDANT PALM INC.'s ANSWER**

Defendant Palm Inc. ("Palm"), by undersigned counsel, hereby answers the Complaint of Plaintiff Artifex Software, Inc. as follows, based on information reasonably available to Palm:

**INTRODUCTION[1]**

1.   Defendant admits that, after years of development, Defendant released its Pre smartphone in June 2009.  Defendant admits that, on January 9, 2009, Ed Colligan stated that there had been "a complete reinvigoration of the company."  Defendant admits that, on March 3, 2009, Mr. Colligan stated, "Despite the challenging market environment, the extraordinary response to the Palm Pre and the new Palm webOS(TM) reaffirms our confidence in our long-term prospects and our ability to reestablish Palm as the leading innovator in the growing smartphone market."  Defendant denies the remaining allegations of this paragraph.

2.   Defendant admits that it engaged in discussions with Plaintiff before the release of the Pre.  Defendant admits that an email sent on September 18, 2008 from Palm employee Kim van Wert to Artifex employee Scott Sackett stated, in part, "There is obviously value in MuPDF; otherwise we would not be interested. However, this would be a small part of the broader program under development, which is highly confidential at this stage. . . . Thank you for sending the pricing information; we will follow up next week after further evaluation of the data,", but avers that the email speaks for itself.  Defendant admits that the MuPDF library is shipped with the Pre device.  Defendant denies the remaining allegations of this paragraph.

**NATURE OF THE CASE**

3.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

4.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

**THE PARTIES**

5.   Defendant is without knowledge or information sufficient to form a belief as to

---

[1] Palm neither admits nor denies the contents of the various headings and subheadings in the Complaint, which are reproduced herein solely for convenience.

1  the truth of the allegations of this paragraph, and on that basis denies them.

2      6.    Defendant admits the allegations of this paragraph.

3  **JURISDICTION AND VENUE**

4      7.    Defendant admits that Plaintiff purports to assert the alleged claim, and that this

5  Court has subject matter jurisdiction over claims which may be brought under the Copyright Act

6  of 1976.

7      8.    Defendant admits that this Court has personal jurisdiction over Defendant.

8  Defendant denies the remaining allegations of this paragraph.

9      9.    Defendant admits the allegations of this paragraph.

10  **ALLEGATIONS COMMON TO ALL CLAIMS**

11  **Artifex's Technology**

12      10.    Defendant is without knowledge or information sufficient to form a belief as to

13  the truth of the allegations of this paragraph, and on that basis denies them.

14      11.    Defendant is without knowledge or information sufficient to form a belief as to

15  the truth of the allegations of this paragraph, and on that basis denies them.

16      12.    Defendant admits that PDLs generally have the functions alleged in this

17  paragraph. Defendant admits that PDF is a widely-used PDL.

18      13.    Defendant denies that MuPDF, standing alone, can provide a smartphone with the

19  ability to open PDF documents. Defendant is without knowledge or information sufficient to

20  form a belief as to the truth of the remaining allegations of this paragraph, and on that basis

21  denies them.

22      14.    Defendant is without knowledge or information sufficient to form a belief as to

23  the truth of the allegations of this paragraph, and on that basis denies them.

24      15.    Defendant admits that Artifex offers MuPDF to the public, free of charge, under

25  the GNU General Public License. Defendant denies that the GNU General Public License

26  permits only "non-commercial use." Defendant is without knowledge or information sufficient

27  to form a belief as to the truth of the allegations of the remaining allegations of this paragraph,

28

1  and on that basis denies them.

2      16.    Defendant is without knowledge or information sufficient to form a belief as to
3  the truth of the allegations of this paragraph, and on that basis denies them.

4      17.    Defendant admits that it is a publicly-traded corporation.  Defendant admits that
5  its estimated revenue for fiscal year ended May 31, 2008 was approximately $1.3 billion.
6  Defendant admits that its current market capitalization is a matter of public record.  Defendant
7  admits that its 2009 10-K states, in part, "Our research and development expenses totaled $177.2
8  million, $202.8 million and $191.0 million in fiscal years 2009, 2008 and 2007, respectively."

9      18.    Defendant admits that it sells mobile devices consisting of both hardware and
10 software components.  Defendant admits that its 2009 10-K filing states, in part, "Our goal is to
11 establish Palm as a leading global mobile device company. . . . Our current focus is on
12 smartphones, which we define as mobile phones with advanced voice, data and internet
13 capabilities. . . . We believe that over time we can increase Palm's share of the growing
14 smartphone market by successfully executing against our strategic objectives."  Defendant
15 admits that Research in Motion and Apple have been reported to have larger shares of the market
16 for "smartphones" than Defendant.  Defendant denies the remaining allegations of this
17 paragraph.

18     19.    Defendant admits that, on March 3, 2009, Ed Colligan stated, "Despite the
19 challenging market environment, the extraordinary response to the Palm Pre and new Palm
20 webOS reaffirms our confidence in our long-term prospects and our ability to re-establish Palm
21 as the leading innovator in the growing smartphone market," and that "The Palm Pre is our first
22 shot at a great integrated, product, kind of the all-in-one, do-everything, incredible product."

23     20.    Defendant admits that on June 25, 2009, Jon Rubinstein stated, "The launch of
24 Palm webOS and Palm Pre was a major milestone in Palm's transformation; we have now
25 officially reentered the race."  Defendant admits that in an article dated January 9, 2009, the New
26 York Times quoted Jon Rubinstein as having stated, "The Pre allows us to get back in the game."

27     21.    Defendant denies the allegations of this paragraph.

28

22. Defendant admits that it engaged in discussions with Plaintiff before the release of the Pre.  Defendant admits that on September 18, 2008, Artifex employee Scott Sackett sent an email to Palm stating, in part, "As of now, no PDA or cellphone has the capability of viewing PDF files.  PDF files are extremely common on the internet - and this could be a huge advantage for Palm," but avers that the document speaks for itself.  Defendant denies the remaining allegations of this paragraph.

23. Defendant admits that an email sent in early September, 2008 from Palm employee Kim van Wert to Artifex employee Scott Sackett stated, in part, "we have the option to address our needs via internal engineering, so getting a ballpark figure will shape our approach," but avers that the document speaks for itself.  Defendant admits that an email sent on September 18, 2008 from Palm employee Kim van Wert to Artifex employee Scott Sackett stated, in part, "There is obviously value in MuPDF; otherwise we would not be interested. However, this would be a small part of the broader program under development, which is highly confidential at this stage. . . . Thank you for sending the pricing information; we will follow up next week after further evaluation of the data," but avers that the document speaks for itself.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

25. Defendant admits that it released the Pre in June 2009.  Defendant is without knowledge or information sufficient to form a belief as to Artifex's state of mind.  Defendant denies the remaining allegations of this paragraph.

26. Defendant admits that it informed Artifex that it believed it was using MuPDF in accordance with the GPL and was thus authorized to use MuPDF without paying a fee to Artifex. Defendant denies the remaining allegations of this paragraph.

27. Defendant denies the allegations of this paragraph.

28. This paragraph consists of a definition to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

29. Defendant denies the allegations of this paragraph.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement under 17 U.S.C. § 101 *et seq.*)

30. This paragraph consists of an incorporation by reference to which no response is required. To the extent a response is required, Defendant incorporates by reference its responses to Paragraphs 1-29, above.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies the allegations of this paragraph.

34. Defendant denies the allegations of this paragraph.

35. Defendant denies the allegations of this paragraph.

36. Defendant denies the allegations of this paragraph.

37. Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (License)

Plaintiff's claim is barred, in whole or in part, due to Plaintiff having expressly or impliedly licensed the complained-of conduct.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

By virtue of its own conduct and statements, Plaintiff is estopped from recovering for the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived any right to recovery from Defendants.

///

///

| | |
|---|---|
| 1 | **FOURTH AFFIRMATIVE DEFENSE** |
| 2 | **(Innocent Infringement)** |
| 3 | Plaintiff's claim is barred in whole or in part on the ground that Defendant was not aware |
| 4 | and had no reason to believe that its acts constituted an infringement of copyright. |
| 5 | **FIFTH AFFIRMATIVE DEFENSE** |
| 6 | **(Failure to Mitigate)** |
| 7 | Plaintiff's claim is barred to the extent it has failed to mitigate damages. |
| 8 | **PRAYER FOR RELIEF** |
| 9 | WHEREFORE, Defendant prays for the following relief: |
| 10 | A.  That judgment be entered against Plaintiff and in favor of Defendant on Plaintiff's |
| 11 | claim, |
| 12 | B.  That Plaintiff take nothing by its Complaint, |
| 13 | C.  That Defendant be awarded its attorney's fees and costs, and |
| 14 | D.  For such other and further relief as equity and justice may require. |

Dated:  January 22, 2010                              DURIE TANGRI LLP

By: ___/s/_____

Ragesh K. Tangri
Attorneys for Defendant
PALM INC.