1  DARIN W. SNYDER (S.B. #136003)
     dsnyder@omm.com
2  LUANN L. SIMMONS (S.B. #203526)
     lsimmons@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, CA  94111-3823
   Telephone:    (415) 984-8700
5  Facsimile:    (415) 984-8701

6  Attorneys for Plaintiff
   Artifex Software Inc.
7
   DURIE TANGRI LLP
8  RAGESH K. TANGRI—#159477
     rtangri@durietangri.com
9  JOSEPH C. GRATZ—#240676
     jgratz@durietangri.com
10 217 Leidesdorff Street
   San Francisco, CA 94111
11
   Attorneys for Defendant
12 PALM INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARTIFEX SOFTWARE INC., a California corporation,<br><br>                    Plaintiff,<br><br>       v.<br><br>PALM INC., a Delaware corporation,<br><br>                    Defendant. | Case No. 5:09-cv-05679-JF<br><br>**JOINT REPORT PURSUANT TO RULE 26(F)**<br><br>Hearing Date:  April 2, 2010<br>Time:          10:30<br>Courtroom:     Courtroom 3, 5th Floor<br>Judge:         Hon. Jeremy Fogel<br><br>Action Filed:  December 2, 2009 |

**PARTIES' JOINT RULE 26(f) REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, L.R. 16-9(a) and the Court's Standing Orders, Plaintiff Artifex Software Inc. ("Artifex") and Defendant Palm Inc. ("Palm"), parties to the above-entitled action, upon conferring, submit the following report.

**I.   JURISDICTION AND SERVICE**

This is an action alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.  The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  No issues exist regarding personal jurisdiction or venue.  No named parties remain to be served.

**II.  FACTS**

**Artifex's brief description of the case:**

This is a straightforward case of willful copyright infringement.  Artifex spent years and substantial resources developing MuPDF—a valuable and important copyrighted software with particular application to smartphone devices.  Generally speaking, Artifex allows third parties to use MuPDF without paying a royalty if the third party makes their source code publicly available and otherwise complies with the GNU General Public License (GPL).  Commercial users who do not fully comply with the GNU GPL must pay a royalty for the right to use Artifex's copyrighted MuPDF software.

Palm wanted to use and incorporate Artifex's valuable, copyrighted technology into its smartphone product—the Palm Pre.  Palm contacted Artifex and inquired about a commercial license to Artifex's copyrighted muPDF.  Artifex provided Palm with the pertinent licensing information but never heard back.  Artifex later learned why:  Palm decided to use, and continues to use, MuPDF in each and every Pre it distributes without authorization, without complying with the GNU GPL, and without paying Artifex any royalty.

Despite Artifex's efforts to resolve this matter outside of court, Palm has not treated this situation with the appropriate level of seriousness and forced Artifex to file a lawsuit.  Palm must be held liable for its knowing and intentional infringement of Artifex's copyright for which Artifex is entitled to damages.

**Palm's brief description of the case:**

Artifex licenses MuPDF **for free** to all comers under the GNU General Public License (GPL). It now seeks hundreds of thousands of dollars in damages from Palm, after Palm used MuPDF in compliance with the GPL and in reliance on Artifex's commitment to license MuPDF under the GPL.

Palm has incorporated MuPDF into DocumentServer, one of the programs that it distributes with the Palm Pre. In accordance with the terms of the GPL, Palm makes available, for no charge, the source code for MuPDF, for the improvements it has made to MuPDF, and for the program Palm created which incorporates MuPDF. Indeed, Palm licenses all of that software to all comers under the GPL. In addition, Palm includes with every Pre a notice that the Pre contains software licensed under the GPL, and that source code is available from Palm in accordance with the GPL.

Artifex requested the source code for DocumentServer, as was its right under the terms of the GPL, and Palm provided it. No one else has ever requested from Palm the source code for MuPDF or Palm's improvements or programs related to it. There has been no material breach of the GPL, and neither Artifex nor the public at large has suffered any damage. Artifex appears to be upset that Palm chose to comply with the GPL rather than pay Artifex for a separate license, but Palm's ability to use MuPDF without paying royalties is a result of Artifex's choice to license that program under the GPL, not any wrongful act on the part of Palm.

### III.   LEGAL ISSUES

**Artifex's Legal Issues:**

- Whether Artifex possesses a United States copyright for MuPDF v. 20070105;
- Whether Palm copied and distributed Artifex's copyrighted software;
- Whether Artifex authorized Palm to distribute Artifex's copyrighted software;
- The amount of financial recovery to which Artifex is entitled for Palm's infringement of Artifex's copyright in MuPDF.

**Palm's Legal Issues:**

- Whether Palm was licensed to reproduce and distribute MuPDF because it

materially complied with the terms of the GNU General Public License;

- Whether Artifex possesses a United States copyright for MuPDF v. 20070105;
- Whether Artifex's remedies are limited because it failed to timely register its copyright;
- Whether Artifex's remedies are limited because it failed to place a copyright notice on MuPDF v. 20070105 when it published that program;
- Whether Artifex has suffered any harm whatsoever from Palm's use of MuPDF;
- Whether Palm has received any profits that are attributable to its use of MuPDF.

## IV. MOTIONS

There are no pending or prior motions to date.

## V. AMENDMENT OF PLEADINGS

The parties do not currently intend to amend the pleadings.

## VI. EVIDENCE PRESERVATION

**Artifex's Statement**:

Artifex has suspended its destruction policies relating to documents, including electronically-recorded material, that are relevant to the issues reasonably evident in this action.

**Palm's Statement**:

Palm has suspended its destruction policies relating to documents, including electronically-recorded material, that are relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties agreed to exchange initial disclosures on March 25, 2010.

## VIII. DISCOVERY

The parties have not conducted any discovery to date. The parties intend to abide by the local rules with respect to the timing and amount of discovery. Each party proposes a discovery plan at the conclusion of this report.

## IX. CLASS ACTION

This is not a class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

**Artifex's Statement:**

Artifex seeks damages suffered as a result of Palm's willful infringement, and/or Palm's profit attributable to its infringement of Artifex's copyrighted work. Through discovery, Artifex will identify the number of infringing products and calculate damages on that basis.

**Palm's Statement:**

Because Palm was licensed to distribute MuPDF under the GNU General Public License, there has been no infringement and Artifex is not entitled to any relief.

## XII. SETTLEMENT AND ADR

The parties believe settlement is a possibility. Pursuant to ADR Local Rule 3-5, the parties filed a stipulation on March 10, 2010 submitting to court-orchestrated mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to the Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties do not believe that the issues can currently be narrowed.

## XVI. EXPEDITED SCHEDULE

This case cannot be handled on an expedited basis with streamline procedures.

## XVII. SCHEDULING

**Parties' Proposed Schedule:**

| Event | Date |
| --- | --- |
| Initial Disclosures | March 22, 2010 |
| Merits discovery cutoff | August 17, 2010 |

| Event | Date |
|---|---|
| Exchange of expert disclosures (per FRCP 26 (a)(2)(C)(i)) | September 22, 2010 |
| Exchange of rebuttal expert disclosures (per FRCP 26 (a)(2)(C)(ii)) | October 22, 2010 |
| Expert discovery cutoff | December 1, 2010 |
| Last date to File Dispositive Motions | January 10, 2011 |
| Pre-Trial Conference | February 7, 2011 |
| Trial Date | February 21, 2011 |

## XVIII. TRIAL

The case will be tried to a jury and the expected length is four trial days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Artifex's Statement:**

Beyond the named parties, there are no other interests to report.

**Palm's Statement:**

Beyond the named parties, there are no other interests to report.


Dated: March 23, 2010          DARIN W. SNYDER
                               O'MELVENY & MYERS, LLP


                               By:   /s/ Darin W. Snyder
                                      Darin W. Snyder
                               Attorneys for Artifex Software Inc.

Dated: March 23, 2010          RAGESH K. TANGRI
                               DURIE TANGRI LLP


                               By:   /s/ Ragesh K. Tangri
                                      Ragesh K. Tangri
                               Attorneys for Palm Inc.

**ATTESTATION**

Pursuant to General Order No. 45 X(B), I hereby attest that concurrence in the filing of this document has been obtained from Ragesh K. Tangri.

By: /s/ Darin W. Snyder
Darin W. Snyder