DARIN W. SNYDER (S.B. #136003)
  dsnyder@omm.com
LUANN L. SIMMONS (S.B. #203526)
  lsimmons@omm.com
DAVID J. SEPANIK (S.B. #221527)
  dsepanik@omm.com
HARRISON A. WHITMAN (S.B. #261008)
  hwhitman@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Plaintiff
Artifex Software Inc.

** E-filed September 20, 2010 **

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

ARTIFEX SOFTWARE INC., a
California corporation,

                    Plaintiff,

          v.

PALM INC., a Delaware corporation,

                    Defendant.

Case No.  5:09-cv-05679-JF

[PROPOSED] **STIPULATED
PROTECTIVE ORDER**
AS AMENDED BY THE COURT

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 8, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. *and General Order 62*

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or

1    generated in disclosures or responses to discovery in this matter.

2        2.6    Expert: a person with specialized knowledge or experience in a

3    matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

4    an expert witness or as a consultant in this action.

5        2.7    "Highly Confidential – Attorneys' Eyes Only" Information or Items:

6    extremely sensitive "Confidential" Information or Items whose disclosure to another Party

7    or nonparty would create a substantial risk of serious injury that could not be avoided by

8    less restrictive means.

9        2.8    House Counsel: attorneys who are employees of a party to this

10   action. House Counsel does not include Outside Counsel of Record or any other outside

11   counsel.

12       2.9    Non-Party: any natural person, partnership, corporation, association,

13   or  other legal entity not named as a Party to this action.

14       2.10   Outside Counsel of Record: attorneys who are not employees of a

15   party to this action but are retained to represent or advise a party to this action and have

16   appeared in this action on behalf of that party or are affiliated with a law firm which has

17   appeared on behalf of that party.

18       2.11   Party: any party to this action, including all of its officers, directors,

19   employees, consultants, retained experts, and Outside Counsel of Record (and their

20   support staffs).

21       2.12   Producing Party: a Party or Non-Party that produces Disclosure or

22   Discovery Material in this action.

23       2.13   Professional Vendors: persons or entities that provide litigation

24   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

25   demonstrations, and organizing, storing, or retrieving data in any form or medium) and

26   their employees and subcontractors.

27       2.14   Protected Material:  any Disclosure or Discovery Material that is

28   designated as "CONFIDENTIAL."

1         2.15   Receiving Party: a Party that receives Disclosure or Discovery

2   Material from a Producing Party

3         3.   SCOPE

4         The protections conferred by this Stipulation and Order cover not only Protected

5   Material (as defined above), but also (1) any information copied or extracted from

6   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

7   Material; and (3) any testimony, conversations, or presentations by Parties or their

8   Counsel that might reveal Protected Material. However, the protections conferred by this

9   Stipulation and Order do not cover the following information: (a) any information that is

10  in the public domain at the time of disclosure to a Receiving Party or becomes part of the

11  public domain after its disclosure to a Receiving Party as a result of publication not

12  involving a violation of this Order, including becoming part of the public record through

13  trial or otherwise; and (b) any information known to the Receiving Party prior to the

14  disclosure or obtained by the Receiving Party after the disclosure from a source who

15  obtained the information lawfully and under no obligation of confidentiality to the

16  Designating Party. Any use of Protected Material at trial shall be governed by a separate

17  agreement or order.

18        4.   DURATION

19        Even after final disposition of this litigation, the confidentiality obligations

20  imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

21  writing or a court order otherwise directs. Final disposition shall be deemed to be the later

22  of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2)

23  final judgment herein after the completion and exhaustion of all appeals, rehearings,

24  remands, trials, or reviews of this action, including the time limits for filing any motions

25  or applications for extension of time pursuant to applicable law. *This Court will retain jurisdiction to enforce the terms of this protective order for a period of six (6) months after the final disposition of this action.*

26        5.   DESIGNATING PROTECTED MATERIAL

27        5.1   Exercise of Restraint and Care in Designating Material for

28  Protection.  Each Party or Non-Party that designates information or items for protection

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

1    under this Order must take care to limit any such designation to specific material that

2    qualifies under the appropriate standards. The Designating Party must designate for

3    protection only those parts of material, documents, items, or oral or written

4    communications that qualify — so that other portions of the material, documents, items,

5    or communications for which protection is not warranted are not swept unjustifiably

6    within the ambit of this Order.

7        Mass, indiscriminate, or routinized designations are prohibited. Designations that

8    are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

9    to unnecessarily encumber or retard the case development process or to impose

10   unnecessary expenses and burdens on other parties) expose the Designating Party to

11   sanctions.

12       If it comes to a Designating Party's attention that information or items that it

13   designated for protection do not qualify for protection, that Designating Party must

14   promptly notify all other Parties that it is withdrawing the mistaken designation.

15           5.2      Manner and Timing of Designations.  Except as otherwise provided

16   in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

17   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under

18   this Order must be clearly so designated before the material is disclosed or produced.

19       Designation in conformity with this Order requires:

20                   (a)      for information in documentary form (apart from transcripts of

21   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at

23   the top of each page that contains protected material. If only a portion or portions of the

24   material on a page qualifies for protection, the Producing Party also must clearly identify

25   the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must

26   specify, for each portion, the level of protection being asserted (either

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

28       A Party or Non-party that makes original documents or materials available for

4

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

1   inspection need not designate them for protection until after the inspecting Party has

2   indicated which material it would like copied and produced. During the inspection and

3   before the designation, all of the material made available for inspection shall be deemed

4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party

5   has identified the documents it wants copied and produced, the Producing Party must

6   determine which documents, or portions thereof, qualify for protection under this Order.

7   Then, before producing the specified documents, the Producing Party must affix the

8   appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If

10  only a portion or portions of the material on a page qualifies for protection, the Producing

11  Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

12  markings in the margins) and must specify, for each portion, the level of protection being

13  asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY").

15              (b)    <u>for testimony given in deposition or in other pretrial or trial

16  proceedings</u>, that the Designating Party identify on the record, before the close of the

17  deposition, hearing, or other proceeding, all protected testimony.

18          Transcript pages containing Protected Material must be separately bound by the

19  court reporter, who must affix to the top of each such page the legend

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

21  instructed by the Designating Party offering or sponsoring the witness or presenting the

22  testimony.

23              (c)    <u>for information produced in some form other than

24  documentary, and for any other tangible items</u>, that the Producing Party affix in a

25  prominent place on the exterior of the container or containers in which the information or

26  item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY." If only portions of the information or item warrant

28  protection, the Producing Party, to the extent practicable, shall identify the protected

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

      5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the

1   chosen designation. A Challenging Party may proceed to the next stage of the challenge

2   process only if it has engaged in this meet and confer process first or establishes that the

3   Designating Party is unwilling to participate in the meet and confer process in a timely

4   manner.

5               6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge

6   without court intervention, the Designating Party shall file and serve a motion to retain

7   confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

8   applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

9   agreeing that the meet and confer process will not resolve their dispute, whichever is

10  earlier. Each such motion must be accompanied by a competent declaration affirming that

11  the movant has complied with the meet and confer requirements imposed in the preceding

12  paragraph. Failure by the Designating Party to make such a motion including the required

13  declaration within 21 days (or 14 days, if applicable) shall automatically waive the

14  confidentiality designation for each challenged designation. In addition, the Challenging

15  Party may file a motion challenging a confidentiality designation at any time if there is

16  good cause for doing so, including a challenge to the designation of a deposition transcript

17  or any portions thereof. Any motion brought pursuant to this provision must be

18  accompanied by a competent declaration affirming that the movant has complied with the

19  meet and confer requirements imposed by the preceding paragraph.

20          The burden of persuasion in any such challenge proceeding shall be on the

21  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to

22  harass or impose unnecessary expenses and burdens on other parties) may expose the

23  Challenging Party to sanctions. Unless the Designating Party has waived the

24  confidentiality designation by failing to file a motion to retain confidentiality as described

25  above, all parties shall continue to afford the material in question the level of protection to

26  which it is entitled under the Producing Party's designation until the court rules on the

27  challenge.

28

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledge and Agreement To Be Bound By Stipulated Protective Order" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledge and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledge and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

"Acknowledge and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledge and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledge and Agreement To Be Bound By Stipulated Protective Order" that is attached hereto as Exhibit A;

(b)     House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving any affiliate marketing program, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledge and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledge and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8, below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

1   disclosure is reasonably necessary for this litigation and who have signed the

2   "Acknowledge and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

3   and

4              (f)      the author of the document or the original source of the

5   information.

6       8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

7   IN  OTHER LITIGATION

8       If a Party is served with a subpoena or a court order issued in other litigation that

9   compels disclosure of any information or items designated in this action as

10  "CONFIDENTIAL," that Party must:

11             (a)      promptly notify in writing the Designating Party. Such notification

12  shall include a copy of the subpoena or court order;

13             (b)      promptly notify in writing the party who caused the subpoena or

14  order to issue in the other litigation that some or all of the material covered by the

15  subpoena or order is subject to this Protective Order. Such notification shall include a

16  copy of this Stipulated Protective Order; and

17             (c)      cooperate with respect to all reasonable procedures sought to be

18  pursued by the Designating Party whose Protected Material may be affected.   If the

19  Designating Party timely seeks a protective order, the Party served with the subpoena or

20  court order shall not produce any information designated in this action as

21  "CONFIDENTIAL" before a determination by the court from which the subpoena or

22  order issued, unless the Party has obtained the Designating Party's permission. The

23  Designating Party shall bear the burden and expense of seeking protection in that court of

24  its confidential material — and nothing in these provisions should be construed as

25  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

26  from another court.

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non- Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)      make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

1  contrary, the Non-Party shall bear the burden and expense of seeking protection in this

2  court of its Protected Material

3

4          10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

6  Protected Material to any person or in any circumstance not authorized under this

7  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

8  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

9  unauthorized copies of the Protected Material, (c) inform the person or persons to whom

10  unauthorized disclosures were made of all the terms of this Order, and (d) request such

11  person or persons to execute the "Acknowledgment and Agreement To Be Bound" that is

12  attached hereto as Exhibit A.

13          11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

14  PROTECTED MATERIAL

15        When a Producing Party gives notice to Receiving Parties that certain inadvertently

16  produced material is subject to a claim of privilege or other protection, the obligations of

17  the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

18  This provision is not intended to modify whatever procedure may be established in an e-

19  discovery order that provides for production without prior privilege review. Pursuant to

20  Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

21  effect of disclosure of a communication or information covered by the attorney-client

22  privilege or work product protection, the parties may incorporate their agreement in the

23  stipulated protective order submitted to the court

24          12.    MISCELLANEOUS

25          12.1   Right to Further Relief.  Nothing in this Order abridges the right of

26  any person to seek its modification by the Court in the future.

27          12.2   Right to Assert Other Objections.  By stipulating to the entry of this

28  Stipulated Protective Order no Party waives any right it otherwise would have to object to

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

1   disclosing or producing any information or item on any ground not addressed in this

2   Stipulated Protective Order. Similarly, no Party waives any right to object on any ground

3   to use in evidence of any of the material covered by this Stipulated Protective Order

4           12.3   Filing Protected Material.  Without written permission from the

5   Designating Party or a court order secured after appropriate notice to all interested

6   persons, a Party may not file in the public record in this action any Protected Material. A

7   Party that seeks to file under seal any Protected Material must comply with Civil Local

8   Rule 79-5. Protected Material may only be filed under seal pursuant to a court order

9   authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local

*and General Order 62*

10   Rule 79-5, a sealing order will issue only upon a request establishing that the Protected

11   Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

12   protection under the law. If a Receiving Party's request to file Protected Material under

13   seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party

14   may file the information in the public record pursuant to Civil Local Rule 795(e) unless

15   otherwise instructed by the court.

16           13.   FINAL DISPOSITION.

17           Within 60 days after the final disposition of this action, as defined in paragraph 4,

18   each Receiving Party must return all Protected Material to the Producing Party or destroy

19   such material. As used in this subdivision, "all Protected Material" includes all copies,

20   abstracts, compilations, summaries, and any other format reproducing or capturing any of

21   the Protected Material. Whether the Protected Material is returned or destroyed, the

22   Receiving Party must submit a written certification to the Producing Party (and, if not the

23   same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

24   (by category, where appropriate) all the Protected Material that was returned or destroyed

25   and (2)affirms that the Receiving Party has not retained any copies, abstracts,

26   compilations, summaries or any other format reproducing or capturing any of the

27   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

28   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

STIPULATED PROTECTIVE ORDER
CASE NO. 5:09-CV-05679 JF

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

work product, and consultant and expert work product, even if such materials contain

Protected Material. Any such archival copies that contain or constitute Protected Material

remain subject to this Protective Order as set forth in Section 4 (DURATION).


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.



DATED:   September 14, 2010          _____/s/ Darin W. Snyder_____
                                                      O'Melveny & Myers LLP
                                                      Attorneys for Plaintiff

DATED:   September 14, 2010          _____/s/ Joseph C. Gratz_____
                                                      Durie Tangri LLP
                                                      Attorneys for Defendant


                                    **ATTESTATION**

        Pursuant to General Order No. 45 X(B), I hereby attest that concurrence in the
filing of this document has been obtained from Joseph C. Gratz.



                                    By:__/s/ Darin W. Snyder_____

                                         Darin W. Snyder




PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _September 20, 2010_____          _____
                                         HOWARD R. LLOYD
                                         United States Magistrate Judge









                                    14                    STIPULATED PROTECTIVE ORDER
                                                          CASE NO. 5:09-CV-05679 JF

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGE AND AGREEMENT TO BE BOUND BY STIPULATED</u>

3

<u>PROTECTIVE ORDER</u>

4

I, _____ [print or type full name], of

5

_____ [print or type full address], declare

6

under penalty of perjury that I have read in its entirety and understand the Stipulated

7

Protective Order that was issued by the United States District Court for the Northern

8

District of California on _____[date] in the case of *Artifex Software Inc. v. Palm*

9

*Inc.*., Case No. 5:09-cv-05679 JF.  I agree to comply with and to be bound by all the terms

10

of this Stipulated Protective Order and I understand and acknowledge that failure to so

11

comply could expose me to sanctions and punishment in the nature of contempt.  I

12

solemnly promise that I will not disclose in any manner any information or item that is

13

subject to this Stipulated Protective Order to any person or entity except in strict

14

compliance with the provisions of this Order.

15

I further agree to submit to the jurisdiction of the United States District Court for

16

the Northern District of California for the purpose of enforcing the terms of this Stipulated

17

Protective Order, even if such enforcement proceedings occur after termination of this

18

action.

19

I hereby appoint _____ [print or type full name] of

20

_____ [print or type full address and

21

telephone number] as my California agent for service of process in connection with this

22

action or any proceedings related to enforcement of this Stipulated Protective Order.

23

Date: _____

24

City and State where sworn and signed: _____

25

Printed name: _____

26

[printed name]

27

Signature: _____

28

[signature]